## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTOINETTE LEWIS-ABDULHAADI<br>12 South Robinson Street<br>Philadelphia, PA 19139,<br><br>Plaintiff,<br><br>v.<br><br>UNION SECURITY INSURANCE CO.<br>2323 Grand Blvd<br>Kansas City, MO 64108<br><br>and<br><br>SUN LIFE ASSURANCE COMPANY OF<br>CANADA<br>1 Sun Life Executive Park<br>Wellesley Hills, MA 02481<br><br>and<br><br>MERAKEY USA<br>620 Germantown Pike<br>Lafayette Hill, PA 19444,<br><br>Defendants. | Case No. |

### COMPLAINT

Plaintiff Antoinette Lewis-Abdulhaadi ("Plaintiff"), through her undersigned counsel, alleges as follows.

### INTRODUCTION

1.      This is an action brought pursuant to the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001, *et seq*., by Plaintiff against Defendants for their unconscionable breaches of fiduciary duty, or in the alternative for their knowing breach of trust, by misleading Plaintiff to believe that she had properly enrolled her children in dependent

life insurance coverage in the Merakey USA Welfare Benefit Plan ("the Plan") only to learn that no such coverage was available when one of her children was brutally murdered, and for their unlawful conversion, use, and benefit from the insurance premiums Plaintiff paid to enroll her children in the Plan's dependent life insurance program over the course of many years.

## THE PARTIES

2.      Plaintiff is an employee of Merakey and a participant in the Plan.

3.      The Plan is an ERISA-regulated "employee welfare benefit plan" as that term is defined in Section 3(1) of ERISA, 29 U.S.C. § 1002(1).  The Plan offers various welfare benefits to Plan participants, including dependent life insurance benefits.

4.      Defendant Merakey USA ("Merakey") is a non-profit corporation organized and existing under the laws of the Commonwealth of Pennsylvania with its principal place of business in Lafayette Hill, Montgomery County, Pennsylvania.

5.      Merakey is the Plan's "Sponsor" and "Administrator" as those terms are defined in Section 3(16) of ERISA, 29. U.S.C. § 1002(16).  Merakey is a Plan fiduciary pursuant to Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

6.      Union Security Insurance Company ("USIC") is a corporation organized and existing under the laws of the State of Kansas with its principal place of business in Kansas City, Missouri and is authorized to conduct insurance business in the United States, including the Commonwealth of Pennsylvania.

7.      USIC formerly insured the dependent life insurance benefits payable under the Plan and was at one time responsible for adjudicating claims for Plan benefits.  Thus, because it exercised control over Plan assets, it too is a Plan fiduciary.  29 U.S.C. § 1002(21).

8.      Sun Life Assurance Company of Canada ("Sun Life"), with an office located Wellesley Hills, Massachusetts, is a duly organized corporate entity or other business association authorized to conduct insurance business in the United States, including the Commonwealth of Pennsylvania.

9.      Sun Life insures the dependent life insurance benefits payable under the Plan and is responsible for adjudicating claims for Plan benefits.  Thus, because it exercises control over Plan assets, it too is a Plan fiduciary.  29 U.S.C. § 1002(21).

## JURISDICTION AND VENUE

10.      The Court has general subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as it arises under ERISA—a law of the United States—and specifically pursuant to 29 U.S.C. §§ 1132(e)(1) and 1132(f), which gives the District Court jurisdiction to hear civil actions brought pursuant to 29 U.S.C. § 1132.

11.      Venue is proper in this District pursuant to 29 U.S.C. §1132(e)(2) because, at all relevant times, the Plan was and is administered in this District, the breaches and violations giving rise to the claims occurred in this District, and Defendants may be found in this District.  Venue is also proper under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District, and at least some of Defendants reside in this District.

12.      The Court has personal jurisdiction over Defendants as the Plan is administered in this District and Division, and Merakey is domiciled in this District, and Defendants USIC and Sun Life regularly transact business in this District and Division.  This Court  also has personal jurisdiction over Defendants because Defendants transact business in and have significant contacts with this District, and because ERISA provides for nationwide service of process pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).

## FACTS COMMON TO ALL COUNTS

13.     The Association for Independent Growth hired Plaintiff in 2002.

14.     USIC issued group life insurance policy G 5,255,143 ("the USIC Group Policy") to The Association for Independent Growth at least as early as August 2008.

15.     Merakey acquired The Association for Independent Growth in or about 2008.

16.     The Association for Independent Growth now operates under the name Merakey IDD Philadelphia as a Merakey subsidiary.

17.     Plaintiff became a Merakey employee upon its acquisition of The Association for Independent Growth.

18.     On March 1, 2016, Sun Life Financial, the parent company of Sun Life, acquired Assurant Employee Benefits, the employee benefits business of Assurant, Inc., which owns USIC.

19.     Following Sun Life Financial's acquisition of Assurant Employee Benefits, Sun Life issued group policy 913177-001 ("the Sun Life Group Policy") to replace the USIC Group Policy.

20.     According to the Plan's most recent Form 5500 Annual Report, as well as prior Form 5500 Annual Reports, the Sun Life Group Policy remains a part of the Plan and covered approximately 69 persons in 2020, 79 persons in 2019, 83 persons in 2018, and 99 persons in 2017.

21.     Both the USIC Group Policy and the Sun Life Group Policy provided for voluntary dependent life insurance benefits in the amount of $10,000 per dependent.

22.     Under the USIC group policy, a Dependent Child is covered to age 19 or to age 25 if he or she is a Full Time Student.  Additionally, a Dependent Child may be covered beyond age 19 if he or she is "unable to earn a living because of physical handicap or mental retardation" and "is chiefly dependent upon the [the Plan participant] for support and maintenance."

4

23.     Similarly, under the Sun Life Group Policy, a Dependent Child is covered to age 19, or to age 25 if he or she is a Full Time Student.  Additionally, an unmarried Dependent Child may be covered beyond age 19 if he or she is "incapable of self-sustaining employment because of an intellectual disability, developmental disability or physical handicap" and is "chiefly dependent on [the Participant] for support."

24.     The Sun Life Group Policy also pays a death benefit of up to $10,000 per covered dependent.

25.     Plaintiff had two sons: Steven Mosely and Stefan Mosely.

26.     Steven Mosely was born on March 31, 1986.

27.     Stefan Mosely was born October 15, 1988.

28.     When her children were young, Plaintiff enrolled both of her sons in the optional dependent life insurance benefit program Merakey and The Association for Independent Growth offered through the Plan for the maximum amount payable: $10,000 per Dependent Child.

29.     Neither The Association for Independent Growth nor Merakey advised Plaintiff of the age limits applicable to the optional dependent life insurance benefits provided under the USIC Group Policy or the Sun Life Group Policy.

30.     Neither The Association for Independent Growth nor Merakey provided Plaintiff with a copy of the Plan's plan document or a summary plan description identifying the age limits applicable to the optional dependent life insurance benefits provided under the Plan, the USIC Group Policy, or the Sun Life Group Policy.

31.     Each year, during open enrollment, Plaintiff elected to maintain the dependent life insurance benefit coverage for both of her sons.

32.     Each year, following open enrollment, The Association for Independent Growth and/or Merakey confirmed Plaintiff's benefits election, including Plaintiff's election of dependent life insurance benefit coverage for both of her sons.

33.     The Association for Independent Growth regularly deducted the cost of the optional dependent life insurance program Plaintiff enrolled in from her paycheck.

34.     After it acquired The Association for Independent Growth, Merakey continued to regularly deduct the cost of the optional dependent life insurance program Plaintiff enrolled in from her paycheck.

35.     Once the cost of the dependent life insurance benefits was deducted from Plaintiff's paycheck, The Association for Independent Growth or Merakey remitted the funds it deducted from Plaintiff's paycheck to USIC or Sun Life, depending on the Plan year in question, to pay the premium for the optional life insurance benefits payable under the USIC Group Policy or the Sun Life Group Policy.

36.     Although they had record of Plaintiff's children's dates of birth, at no time did either The Association for Independent Growth or Merakey ask Plaintiff how old her children were or otherwise make any effort to confirm whether her dependent children remained covered Dependent Children under the Plan's dependent life insurance programs.

37.     Similarly, neither USIC nor Sun Life made any effort or exercised any diligence to ascertain whether Plaintiff's children still qualified as Dependent Children under the terms of the Plan's optional dependent life insurance benefit program.

38.     Sun Life acknowledged in a January 16, 2020 letter that because Merakey utilized Sun Life's E-billing service wherein an ERISA plan administrator, which in this case is Merakey, simply sends Sun Life a monthly list with the names of eligible Plan participants and the

subsequent elections for each Participant and in turn Sun Life sends them a monthly billing statement.

39.     Sun Life's monthly billing statement is generated based on the information it receives from plan administrators, such as Merakey, and, even though it could regularly audit such information, Sun Life does not audit the billing statements against the eligibility requirements under the Sun Life Group Policy until such time as a claim is submitted.

40.     When a plan utilizes Sun Life's E-Billing process, Sun Life gladly accepts premiums from ERISA plan administrators and/or ERISA plan participants without exercising a modicum of diligence to confirm whether it is entitled to the premiums it receives.

41.     Sun Life utilizes the E-Billing process described herein across its group life insurance book of business, which generates millions of dollars in annual revenue for Sun Life.

42.     Both USIC and Sun Life accepted premium payments for optional life insurance benefits paid by Plaintiff through the Plan, invested those premium payments, earned return on those payments, and converted them to their own use.

43.     Steven Mosely was murdered on August 27, 2018.

44.     Steven Mosely was 32 years old at the time of his death.

45.     Plaintiff learned of Steven Mosely's death on August 28, 2018.

46.     While making arrangements for Steven's funeral, on August 29, 2018, Plaintiff assigned a portion of the optional dependent life insurance benefits that she believed were payable on account of Steven's death to the funeral home.

47.     On August 30, 2018, Trinity Funeral Funding faxed a verification of coverage/claim submission to Sun Life.

48.     On August 31, 2018, Plaintiff learned for the first time that neither Steven Mosely nor Stefan Mosely was covered under the Plan because they no longer qualified as Dependent Children due to their age.

49.     Because she believed that her children were properly enrolled as Dependent Children under the Plan's dependent life insurance benefit program, Plaintiff did not seek, much less obtain, alternative life insurance coverage for her children.

50.     Plaintiff was forced to withdraw nearly all of her money from her bank account to cover the cost of Steven Mosely's funeral and burial.

51.     Shortly thereafter, Merakey unilaterally refunded to Plaintiff some, but not all, of the dependent life insurance premiums she had paid for her sons, without interest.

52.     In early 2019, Plaintiff submitted a direct claim for dependent life insurance benefits insuring the life of Steven Mosely to Sun Life.

53.     Sun Life formally denied Plaintiff's claim by way of a letter dated June 5, 2019, because Steven Mosely was no longer a covered Dependent Child at the time of his death due to his age.

54.     Plaintiff appealed Sun Life's denial of her claim in December 2019, and Sun Life denied that appeal in a letter dated January 16, 2020.

55.     Plaintiff submitted a second, voluntary appeal, to Sun Life on July 25, 2020, and Sun Life denied that second appeal on August 10, 2020.

56.     Plaintiff has exhausted her administrative remedies under the Plan and all conditions precedent to filing the present lawsuit have been completed.

## COUNT I – BREACH OF FIDUCIARY DUTY
## PURSUANT TO ERISA SECTION 404(a), 29 U.S.C. § 1104(a),
## AGAINST MERAKEY

57.     Plaintiff repeats, reaffirms, and realleges paragraphs 1 through 56 of the Complaint as if they were fully restated at length herein.

58.     ERISA § 404(a)(1), 29 U.S.C. § 1104(a)(1), requires that a plan fiduciary discharge his or her duties with respect to a plan solely in the interest of the participants and beneficiaries and (A) for the exclusive purpose of (i) providing benefits to participants and their beneficiaries; and (B) with "care, skill, prudence, and diligence" and (C) by diversifying the investments of the plan so as to minimize the risk of large losses, unless under the circumstances it is clearly prudent not to do so; and (D) to act in accordance with the documents and instruments governing the plan insofar as those documents and instruments are consistent with ERISA.

59.     One of the many fiduciary duties owed to ERISA plan participants and beneficiaries is a duty to "convey complete and correct material information to a beneficiary," including a "duty to communicate to the beneficiary material facts affecting the interest of the beneficiary which he knows the beneficiary does not know and which the beneficiary needs to know." *Krohn v. Huron Mem. Hosp.*, 173 F.3d 542, 548 (6th Cir. 1999).

60.     A fiduciary breaches its duties by materially misleading plan participants, regardless of whether the fiduciary's statements or omissions were made negligently or intentionally.  *Varity Corp. v. Howe*, 516 U.S. 489, 512 (1996); *see also In re Unisys Corp. Retiree Medical Ben. ERISA Litigation*, 57 F.3d 1255, 1264 (3d Cir. 1995); *Bixler v. Central Pennsylvania Teamsters Health & Welfare Fund*, 12 F.3d 1292, 1300 (3d Cir. 1993).

61.     Merakey and The Association for Independent Growth before it repeatedly represented to Plaintiff that her children were enrolled as Dependent Children under the Plan and

that their lives were insured under the Plan's optional dependent life insurance coverage program in the amount of $10,000 each by enrolling her children in said benefits and regularly deducting the premium cost of said benefits from her paycheck.

62.     Merakey and The Association for Independent Growth before it, as the Plan's sponsor and administrator, had a duty to disclose the terms of the Plan to Plaintiff.

63.     Merakey and The Association for Independent Growth before it, as the Plan's sponsor and administrator, had a duty to provide Plaintiff with a copy of the Plan's summary plan description.

64.     By failing to disclose the terms of the Plan to Plaintiff, she was not put on notice of the terms and conditions for receiving optional dependent life insurance benefits under the Plan, nor was she made aware of any limitations or exclusions that may be applicable to such coverage.

65.     Prior to Steven Mosely's death, Plaintiff believed, based on the omissions and misrepresentations of Merakey and The Association for Independent Growth before it, that she had insured Steven Mosely's and Stefan Mosely's lives should either child die.

66.     As a result of Merakey's actions, she was denied the life insurance coverage and benefits to which she thought she had enrolled, she lost the ability to procure alternative coverage on the life of Steven Mosely, she lost the opportunity to pursue a less expensive funeral for her son, and she lost the use of the funds she used to pay for dependent life insurance coverage under the Plan for Steven Mosely and Stefan Mosely after they became too old to qualify for such coverage.

67.     Merakey breached its fiduciary duty to Plaintiff, and that breach is the proximate cause of Plaintiff's loss.

68.     Equitable relief may include monetary compensation in the form of "surcharge" for losses resulting from the improper actions of Merakey.  *See Cigna Corp. v. Amara*, 563 U.S. 421, 442 (2011) ("The surcharge remedy extended to a breach of trust committed by a fiduciary encompassing any violation of a duty imposed upon that fiduciary.").

69.     Merakey is liable to Plaintiff in an amount exceeding $10,000.00 plus interest, costs, and reasonable attorneys' fees.

WHEREFORE, Plaintiff prays the Court grant her the following relief with respect to Count I of her Complaint:

   a.   That the Court enter judgment in favor of Plaintiff and against Merakey, and award her an amount equal to the dependent life insurance benefits in which she had enrolled and which covered the life of her son Steven Mosely;

   b.   That the Court order Merakey to pay Plaintiff prejudgment interest on all amounts awarded to her from the date of her claim for dependent life insurance benefits to the date of judgment;

   c.   That the Court award Plaintiff her reasonable attorney's fees pursuant to 29 U.S.C. § 1132(g) and the costs of suit against Merakey; and

   d.   That Plaintiff recovers any and all other relief to which she may be entitled.

## <u>COUNT II – REFORMATION AGAINST MERAKEY</u>

70.     Plaintiff repeats, reaffirms, and realleges paragraphs 1 through 69 of the Complaint as if they were fully restated at length herein.

71.     Under ERISA Section 502(a)(3), 29 U.S.C. § 1132(a)(3), reformation is available due to a mutual mistake of fact or inequitable conduct to remedy false or misleading information.  *Amara,* 563 U.S. at 440-41.

72.     Inequitable conduct includes intentional fraud, negligent omissions, and concealments of true facts.

73.      Merakey and Sun Life failed to provide Plaintiff with the full terms of her benefits under the Plan, including dependent life insurance benefits.

74.     Merakey and Sun Life failed to provide Plan participants such as Plaintiff with a Summary Plan Description summarizing the terms of the Plan.

75.     Merakey and Sun Life failed to provide Plaintiff with a copy of the Group Contract or a Plan document in order to advise her as to the full terms of the Plan.

76.     The only disclosure Plaintiff may have received regarding her dependent life insurance benefits was confirmation that she had enrolled her children in such programs during her annual open enrollment and the cost of such coverage continued to be deducted from her paychecks.

77.     As such, the Plan and Group Contract should be reformed and Plaintiff should receive the dependent life insurance benefits in which she had enrolled and for which no exclusions or limitations were ever disclosed to her and other Plan participants.

WHEREFORE, Plaintiff prays the Court grant her the following relief with respect to Count II of her Complaint:

        a.     That the Court reform the Plan as set forth herein, enter judgment in favor of Plaintiff and against Merakey and Sun Life, and award her an amount equal to the dependent life insurance benefits in which she had enrolled and which covered the life of her son Steven Mosely;

b.      That the Court order Defendants to pay Plaintiff prejudgment interest on all amounts awarded to her from the date of her claim for dependent life insurance benefits to the date of judgment;

c.      That the Court award Plaintiff her reasonable attorney's fees pursuant to 29 U.S.C. § 1132(g) and the costs of suit against Merakey and Sun Life; and

d.      That Plaintiff recover any and all other relief to which she may be entitled.

### COUNT III – BREACH OF FIDUCIARY DUTY FOR THE FAILURE TO PROVIDE PLAN DOCUMENTS PURSUANT TO ERISA SECTION 104(b)(1) AGAINST MERAKEY

78.      Plaintiff repeats, reaffirms, and realleges paragraphs 1 through 77 of the Complaint as if they were fully restated at length herein.

79.      Section 101 of ERISA, 29 U.S.C. § 1021 requires every employee benefit plan to have a Summary Plan Description ("SPD").

80.      ERISA Section 102 states: "A summary plan description of any employee benefit plan shall be furnished to participants and beneficiaries as provided in [29 U.S.C.] § 1024(b)." 29 U.S.C. § 1022.

81.      In turn, Section 104(b)(1), 29 U.S.C. § 1024(b)(1), provides that each plan administrator shall furnish to each participant a copy of the plan's SPD within 90 days of becoming a plan participant.

82.      Thereafter, Section 104(b)(1) requires, in pertinent part:

The administrator shall furnish to each participant, and each beneficiary receiving benefits under the plan, every fifth year after the plan becomes subject to this part an updated summary plan description described in section 1022 of this title which integrates all plan amendments made within such five-year period, except that in a case where no amendments have been made to a plan during such five-year period this sentence shall not apply. Notwithstanding the foregoing, the administrator shall furnish to each participant, and to each beneficiary receiving benefits under the plan, the summary plan description described in section 1022 of this title every

tenth year after the plan becomes subject to this part. If there is a modification or change described in section 1022(a) of this title (other than a material reduction in covered services or benefits provided in the case of a group health plan (as defined in section 1191b(a)(1) of this title)), a summary description of such modification or change shall be furnished not later than 210 days after the end of the plan year in which the change is adopted to each participant, and to each beneficiary who is receiving benefits under the plan. If there is a modification or change described in section 1022(a) of this title that is a material reduction in covered services or benefits provided under a group health plan (as defined in section 1191b(a)(1) of this title), a summary description of such modification or change shall be furnished to participants and beneficiaries not later than 60 days after the date of the adoption of the modification or change. In the alternative, the plan sponsors may provide such description at regular intervals of not more than 90 days. . . .

29 U.S.C. § 1024(b)(1).

83.     Merakey, in its role as the Plan's Administrator, failed to provide Plaintiff with a copy of the Plan's summary plan description during her employment.

84.     The failure to produce and provide a summary plan description that accurately conveys the terms of a plan is a breach of fiduciary duty.

85.     Plaintiff suffered harm as a result of Merakey's failure to provide her with a copy of the Plan's summary plan description in that she was not advised that her children would not be eligible for dependent life insurance benefits after reaching age 19 or 25, if they were full time students.

86.     Merakey's failure to provide Plaintiff with a copy of the Plan's summary plan description was thus a proximate cause of Plaintiff's loss.

WHEREFORE, Plaintiff prays the Court grant her the following relief with respect to Count III of her Complaint:

a.     That the Court enter judgment in favor of Plaintiff and against Merakey, and award her an amount equal to the dependent life insurance in which she had enrolled and which covered the life of her son Steven Mosely;

b.   That the Court reform the Plan as set forth herein, enter judgment in favor of Plaintiff and against Merakey, and award her an amount equal to the dependent life insurance benefits in which she had enrolled and which covered the life of her son Steven Mosely;

c.   That the Court order Merakey to pay Plaintiff prejudgment interest on all amounts awarded to her from the date of her claim for Optional Life Insurance Benefits to the date of judgment;

d.   That the Court award Plaintiff her reasonable attorney's fees pursuant to 29 U.S.C. § 1132(g) and the costs of suit against Merakey; and

e.   That Plaintiff recovers any and all other relief to which she may be entitled.

**COUNT IV – STATUTORY PENALTIES PURSUANT TO
ERISA SECTIONS 502(a)(1)(A) AND 502(c),
29 U.S.C. § 1132(a)(1)(A) AND 29 U.S.C. §1132(c)**

87.   Plaintiff repeats, reaffirms, and realleges paragraphs 1 through 86 of the Complaint as if they were fully restated at length herein.

88.   On October 2, 2018, Plaintiff requested various Plan documents from Merakey, including the Plan's complete plan document, Summary Plan Description, Form 5500 annual report, Plaintiff's collective bargaining agreement, as well as those other documents under which the Plan is established or operated, in accordance with ERISA § 104(b), 29 U.S.C. § 1024(b).

89.   Merakey had an obligation to fully respond to Plaintiff's request within thirty (30) days of receiving Plaintiff's request.

90.   Merakey responded to Plaintiff's request on November 6, 2018 and forwarded several documents in response to Plaintiff's request.

91.    The Plan's Form 5500 indicates that it provides a variety of welfare benefits in addition to life insurance benefits, such as health benefits, dental benefit, vision benefits, temporary disability benefits, and life insurance benefits from insurers other than USIC and Sun Life.

92.    Merakey failed to provide any documents referencing any benefits other than the USIC Group Policy.

93.    In fact, Merakey also failed to provide the Sun Life Group Policy, which was the active group insurance policy in effect at the time of Plaintiff's request and when she first learned that her son was not covered under the Plan as a Dependent Child.

94.    Thus, Merakey has failed to comply with Section 104(b)(4) of ERISA, 29 U.S.C. § 1024(b)(4).

95.    Plaintiff has been prejudiced by Merakey's failure to comply with Section 104(b) and her requests by, *inter alia*, not receiving complete and authoritative copies of the Plan documents and SPD to review and use in pursuing her claims against Defendants.

96.    Pursuant to 29 U.S.C. § 1132(c) and 29 C.F.R. § 2575.502c-1, the failure to produce the requested documents within 30 days of Plaintiff's request exposes Merakey, as the Plan's Administrator, to statutory penalties in an amount not exceeding $110 per day for each day that the request remains unfulfilled beyond the 30-day deadline.

97.    Pursuant to 29 U.S.C. § 1132(a)(1)(A), Plaintiff may bring a civil action to obtain the relief authorized by 29 U.S.C. § 1132(c) and 29 C.F.R. § 2575.502c-1.

98.    Merakey's failure to comply with ERISA § 104(b), 29 U.S.C. § 1024(b), lacks any reasonable or plausible justification, was intentional, and/or was done in bad faith.

99.    Plaintiff is therefore entitled to an award of statutory penalties.

WHEREFORE, Plaintiff prays the Court grant her the following relief with respect to Count IV of her Complaint:

    a.    That the Court enter judgment in favor of Plaintiff and against Merakey, and award Plaintiff $110 per day in statutory penalties from November 1, 2018 until the date it comes into compliance with 29 U.S.C. § 1024(b)(4);

    b.    That the Court order Merakey to pay Plaintiff prejudgment interest on all statutory penalties that have accrued prior to the date of judgment;

    c.    That the Court award Plaintiff her reasonable attorney's fees pursuant to 29 U.S.C. § 1132(g) and the costs of suit; and

    d.    That Plaintiff recovers any and all other relief to which she may be entitled.

### COUNT V – ENGAGING IN PROHIBITED TRANSACTIONS AGAINST MERAKEY, SUN LIFE, AND USIC PURSUANT TO SECTION 406(a) OF ERISA, 29 U.S.C. § 1106(a)

100.    Plaintiff repeats, reaffirms, and realleges paragraphs 1 through 99 of the Complaint as if they were fully restated at length herein.

101.    Merakey, USIC and Sun Life were and are, respectively, Plan fiduciaries.

102.    Merakey, USIC and Sun Life were and are each a "party in interest" as to the Plan as that term is defined in Section 3(14) of ERISA, 29 U.S.C. § 1002(14).

103.    Section 406 of ERISA, 29 U.S.C. § 1106, enumerates various prohibited transactions between a plan or its fiduciaries and a party in interest.

104.    Section 406(a)(1)(B) of ERISA, 29 U.S.C. § 1106(a)(1)(B), prohibits a fiduciary from permitting a plan to lend money or otherwise extend credit between a plan and a party in interest.

105.    Section 406(a)(1)(D) of ERISA, 29 U.S.C. § 1106(a)(1)(D), prohibits a fiduciary from transferring to, or use by or for the benefit of a party in interest, of any assets of the plan.

106.    Merakey transferred Plaintiff's dependent life insurance premium payments to USIC and Sun Life when they were not entitled to them due to the age of Plaintiff's children.

107.    Plaintiff's dependent life insurance premium payments were plan assets.

108.    Alternatively, the transfer of Plaintiff's dependent life insurance premium payments to USIC and Sun Life when they were not entitled to them constituted an interest free loan or extension of credit to USIC and Sun Life to which they were not entitled, which they invested for their own account interest free, and from which they profited by investing such sums for their own account.

109.    Merakey's transfer of Plaintiff's dependent life insurance premium to USIC and Sun Life when they were not entitled to them constituted a prohibited transaction under Section 406(a) of ERISA.

110.    By virtue of the violations set forth in the foregoing paragraphs, Plaintiff is entitled pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), to sue USIC and Sun Life for any appropriate equitable relief to redress the wrongs described above.

WHEREFORE, Plaintiff prays the Court grant her the following relief with respect to Count V of her Complaint:

> a.    That the Court surcharge Merakey, Sun Life and/or USIC in an amount of no less than $10,000;
>
> b.    That the Court order Merakey, Sun Life and/or USIC to pay Plaintiff prejudgment interest on all amounts awarded to her from the date of her claim for dependent life insurance benefits to the date of judgment;

c.      That the Court award Plaintiff her reasonable attorney's fees pursuant to 29 U.S.C. § 1132(g) and the costs of suit against USIC and Sun Life;

d.      That the Court order Merakey, Sun Life, and USIC to provide an accounting of all funds received on Plaintiff's account for dependent life insurance benefits from the date her children each turned 19 years old;

e.      That the Court order Merakey, Sun Life, and USIC to forfeit or otherwise disgorge to Plaintiff all investment returns and other profit earned on the funds received on Plaintiff's account for dependent life insurance benefits from the date her children each turned 19 years old; and

f.      That Plaintiff recover any and all other relief to which she may be entitled.

**COUNT VI – ENGAGING IN PROHIBITED TRANSACTIONS AGAINST SUN LIFE AND USIC PURSUANT TO ERISA SECTION 406(b), 29 U.S.C. § 1106(b)**

111.    Plaintiff repeats, reaffirms, and realleges paragraphs 1 through 110 of the Complaint as is they were fully restated at length herein.

112.    ERISA § 406(b)(1), 29 U.S.C. § 1106(b)(1), provides that "a fiduciary with respect to a plan shall not deal with the assets of the plan in his own interest or for his own account."

113.    ERISA § 406(b)(2), 29 U.S.C. § 1106(b)(2), provides that "A fiduciary with respect to a plan shall not in his individual or in any other capacity act in any transaction involving the plan on behalf of a party (or represent a party) whose interests are adverse to the interests of the plan or the interests of its participants or beneficiaries."

114.    ERISA § 406(b)(3), 29 U.S.C. § 1106(b)(3), provides that "a fiduciary with respect to a plan shall not receive any consideration for his own personal account from any party dealing with such plan in connection with a transaction involving the assets of the plan."

115.    USIC and Sun Life were fiduciaries of the Plan at the time they received Plaintiff's dependent life insurance premiums after her children became too old to remain covered as Dependent Children under the Plan.

116.    Neither USIC nor Sun life were entitled to the premiums they received for the dependent children, and the prohibitions of ERISA § 406(b) applied to both USIC and Sun Life.

117.    USIC and Sun Life knowingly and willfully retained Plaintiff's dependent life insurance premium payments despite not being entitled to retain them, converted them to their own use, and invested them for their own benefit.

118.    By retaining the dependent life insurance premium payments for Plaintiff's children after they became too old to qualify as Dependent Children under the Plan, USIC and Sun Life engaged in prohibited transactions in violation of ERISA § 406(b), 29 U.S.C. § 1106(b).

119.    By virtue of the violations set forth in the foregoing paragraphs, Plaintiff is entitled pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), to sue USIC and Sun Life for any appropriate equitable relief to redress the wrongs described above.

WHEREFORE, Plaintiff prays the Court grant her the following relief with respect to Count VI of her Complaint:

a.     That the Court surcharge Sun Life and/or USIC in an amount of no less than $10,000;

b.     That the Court order Sun Life and/or USIC to pay Plaintiff prejudgment interest on all amounts awarded to her from the date of her claim for dependent life insurance benefits to the date of judgment;

c.     That the Court award Plaintiff her reasonable attorney's fees pursuant to 29 U.S.C. § 1132(g) and the costs of suit against USIC and Sun Life;

d.      That the Court order Sun Life and USIC to provide an accounting of all funds received on Plaintiff's account for dependent life insurance benefits from the date her children each turned 19 years old;

e.      That the Court order Sun Life and USIC to forfeit or otherwise disgorge to Plaintiff all investment returns and other profit earned on the funds received on Plaintiff's account for dependent life insurance benefits from the date her children each turned 19 years old; and

f.      That Plaintiff recover any and all other relief to which she may be entitled.

## <u>COUNT VII – KNOWING PARTICIPATION IN A BREACH OF TRUST OR FIDUCIARY DUTY AGAINST SUN LIFE AND USIC</u>

120.    Plaintiff repeats, reaffirms, and realleges paragraphs 1 through 119 of the Complaint as is they were fully restated at length herein.

121.    Merakey breached its fiduciary duty to Plaintiff.

122.    In the event that Sun Life and USIC were not Plan fiduciaries with respect to the premium received from Merakey and The Association for Independent Growth before it for the dependent life insurance benefits in which Plaintiff enrolled, Sun Life and USIC, jointly and severally, knowingly participated Merakey's breach of trust and fiduciary duty by, *inter alia*, accepting premium for dependent life insurance benefits that they knew or should have known were not payable under the Plan and converting said premiums to their own use.

123.    Plaintiff has been damaged by Merakey's breach of fiduciary duty and USIC's and Sun Life's knowing participation in said breach of trust and fiduciary duty as she was denied the dependent life insurance coverage and benefits in which she had enrolled, she lost the ability to procure alternative coverage on the life of Steven Mosely, and she lost the use of the funds she

used to pay for dependent life insurance coverage under the Plan for Steven Mosely and Stefan Mosely after they became too old to qualify for such coverage.

124.    By virtue of the violations set forth in the foregoing paragraphs, Plaintiff is entitled pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), to sue USIC and Sun Life for any appropriate equitable relief to redress the wrongs described above.

WHEREFORE, Plaintiff prays the Court grant her the following relief with respect to Count VII of her Complaint:

a.    That the Court surcharge Sun Life and/or USIC in an amount of no less than $10,000;

b.    That the Court order Sun Life and USIC to pay Plaintiff prejudgment interest on all amounts awarded to her from the date of her claim for dependent life insurance benefits to the date of judgment;

c.    That the Court award Plaintiff her reasonable attorney's fees pursuant to 29 U.S.C. § 1132(g) and the costs of suit against USIC and Sun Life;

d.    That the Court order Sun Life and USIC to provide an accounting of all funds received on Plaintiff's account for dependent life insurance benefits from the date her children each turned 19 years old;

e.    That the Court order Sun Life and USIC to forfeit or otherwise disgorge to Plaintiff all investment returns and other profit earned on the funds received on Plaintiff's account for dependent life insurance benefits from the date her children each turned 19 years old; and

f.    That Plaintiff recover any and all other relief to which she may be entitled.

Respectfully submitted,

_____/s/ Adam H. Garner_____
Adam Harrison Garner (I.D. 320476)
Melanie J. Garner (I.D. 315058)
The Garner Firm, Ltd.
One Penn Center
1617 John F. Kennedy Blvd., Suite 550
Philadelphia, PA 19103
Tel: (215) 645-5955
Fax: (215) 645-5960
adam@garnerltd.com
melanie@garnerltd.com

Dated: August 25, 2021