IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTOINETTE LEWIS-ABDULHAADI, **Plaintiff,** | CIVIL ACTION |
| v. | |
| UNION SECURITY INSURANCE CO. AND SUN LIFE ASSURANCE COMPANY OF CANADA, **Defendants.** | NO. 21-3805 |

# O R D E R

**AND NOW**, this 26th day of November, 2024, upon consideration of Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement (ECF No. 117), the Motion is **GRANTED** as follows:

**Preliminary Approval of the Settlement**

1.  Preliminary approval is the first step in the class settlement process. The request for preliminary approval only requires an "initial evaluation" of the fairness of the proposed settlement. *Manual for Complex Litigation* § 21.632 (4th ed. 2004). The purpose of preliminary approval is to determine "whether to direct notice of the proposed settlement to the class, invite the class's reaction, and schedule a fairness hearing." William B. Rubenstein *et al.*, *Newberg on Class Actions* § 13:10 (5th ed. 2013).

2.  In granting preliminary approval, the Court considers "whether to direct notice of the proposed settlement to the class, invite the class's reaction, and schedule a fairness hearing." William B. Rubenstein *et al.*, *Newberg on Class Actions* § 13:10 (5th ed. 2013). Preliminary approval is not binding, and it is granted unless a proposed settlement is obviously deficient." *Shapiro v. All. MMA, Inc.*, No. CV 17-2583 (RBK/AMD), 2018 WL 3158812, at *2 (D.N.J. June 28, 2018) *Atis v. Freedom Mortg. Corp.*, No. CV 15-03424 (RBK/JS), 2018 WL 5801544, at *2

(D.N.J. Nov. 6, 2018) (applying same "obviously deficient" standard); *Rudel Corp. v. Heartland Payment Sys., Inc.*, No. 16-cv-2229, 2017 WL 4422416, at *2 (D.N.J. Oct. 4, 2017) (same).

3. The Court finds that the Settlement Agreement is the result of serious, informed, and non-collusive negotiations. The Settlement Agreement is the result of arm's length negotiations that extended over several months and included four separate sessions with an impartial mediator with extensive experience in ERISA matters. The assistance of a professional mediator reinforces that the Settlement Agreement is non-collusive. *See Alves v. Main*, No. 01-cv-789, 2012 WL 6043272, at *22 (D.N.J. Dec. 4, 2012) ("The participation of an independent mediator in settlement negotiations virtually [e]nsures that the negotiations were conducted at arm's length and without collusion between the parties."), *aff'd*, 559 F. App'x 151 (3d Cir. 2014).

4. The proposed Settlement provides substantial relief to the Class and falls within the range of reason. In summary:

- For those Class Members with Denied Claims that were previously submitted, Sun Life will pay (a) 100% of dependent child life insurance benefits for claims denied because the child's age at the time of death was beyond the oldest allowable age for eligibility of a dependent child under the applicable policy, and (b) 50% of dependent child life insurance benefits provided by the group policy for claims denied based on the child's age and because the deceased child was not a full-time student (i.e. the child was of an age that if they were a full-time student their age alone would not have been disqualifying under the policy). This provision does not require Defendants to review or pay claims for any accidental death benefits.

- For Class Members whose child died or dies on or after August 25, 2015 and for 10 years after the end of the Class Period (i.e. after the Final Approval Hearing), Sun Life will pay

- 100% of dependent child life insurance benefits under the applicable group policy for Covered Decedents without considering the child's age (so long as the child is not 40) so long as premiums have been paid for 6 months.
- For Class Member(s) Without Eligible Dependent Children, Sun Life will offer those Class Members the option to purchase an individual policy of conversion life insurance for each child who did not satisfy the definition of dependent child under the applicable policy while premiums were being paid for dependent child life insurance coverage under a USIC or Sun Life group policy, subject to certain conditions in the Settlement Agreement.

As of the date of this Order, payments on the previously denied claims will be approximately $600,000, which amounts to 72% of the maximum value that could be obtained. These Class Members who had a claim denied will receive either a 50% or 100% recovery. Class Members who have not yet made a claim but whose children have died or die during the next 10 years will receive 100% of benefits. Recoveries of 50% or 100% significantly exceed the results achieved in many other complex class action lawsuits approved in this jurisdiction. *See In re Corel Corp. Sec. Litig.*, 293 F.Supp.2d 484, 490 (E.D. Pa. 2003) (approving a settlement amounting to 15% of provable damages); *Cullen v. Whitman Med. Corp.*, 197 F.R.D. 136, 144 (E.D. Pa. 2000) ("The settlement that was achieved represents approximately seventeen percent of single damages to the class, an amount significantly higher than the proportion of damages obtained in settlement agreements approved by other courts."); *In re Ikon Off. Sols., Inc., Sec. Litig.*, 194 F.R.D. 166, 183 (E.D. Pa. 2000) (approving monetary settlement of 5.2% to 8.7% of best possible recovery for class members).

5.  The Settlement Agreement does not suffer from any obvious deficiencies, such as

preferential treatment of the Class representative. No class member or group of Class members will receive unduly favorable treatment under the terms of the Settlement Agreement. The 50% recovery for Class Members with Denied Claims that were previously submitted but denied based on the child's age and because the deceased child was not a full-time student reflects the greater risk attached to their potential recovery if the case were to proceed to trial. *See In re Corel Corp. Inc. Sec. Litig.*, 293 F. Supp. 2d 484, 494 (E.D. Pa. 2003) (approving plan of allocation providing for discounted relief for subset of Class based on the "liability factor, that is, plaintiffs' counsel's estimation of the strengths and weaknesses of the evidence of [defendant's] liability" as between different class members' claims).

6. With respect to attorneys' fees, the Settlement Agreement contemplates that USIC and Sun Life will pay $1 million into an escrowed Fees & Expense Fund against which Class Counsel will apply to the Court for an award of attorneys' fees and litigation expenses. While Defendants will not to oppose Class Counsel's request for attorneys' fees and litigation expenses so long as it does not exceed the amount of this payment and any interest or earnings thereon, any concerns are significantly ameliorated where, as here, "the issue of fees was not discussed until after the principal terms of the settlement were agreed to, the fee award will not diminish class recovery," *id*., and any amounts of the Fees & Expense Fund not awarded to Class Counsel will become a common fund to be distributed to the Class or awarded to a cy pres beneficiary rather than reverting to Defendants. *See In re Wawa, Inc. Data Sec. Litig.*, 85 F.4th 712, 726 (3d Cir. 2023).

7. The Court finds that there are no grounds to doubt the fairness of the Settlement Agreement and concludes that the proposed Settlement Agreement is within the range of possible settlement approval, such that notice to the class is appropriate.

8. As a result, the Court grants preliminary approval of the Settlement except as to the provisions regarding continuing jurisdiction in the Settlement Agreement at Sections IX.2.k and XV.12, which counsel for the Parties agreed at the hearing could be removed from the Settlement Agreement.

**Class Notice**

9. The Court approves the Proposed Notice of Class Action Settlement ("Class Notice") which is attached to the Barton Declaration (ECF No. 117-4) and directs its distribution to the Class.

10. The Court approves the Proposed Class Notice Instructions to the Policyholders/Plan Administrators (ECF No. 102-4) and directs its distribution to the Class.

11. The plan of Class Notice included in the Settlement Agreement (ECF No. 117-3), including the content of the Class Notice and the Class Notice Instructions to the Policyholders/Plan Administrators, complies fully with due process and Federal Rule of Civil Procedure 23.

12. Pursuant to Federal Rule of Civil Procedure 23(c)(2)(A), "the court may direct appropriate notice to the class." The Court finds that the plan of Class Notice, including the content of the Class Notice and the Class Notice Instructions to the Policyholders/Plan Administrators, represent appropriate notice to the Class under Rule 23(c)(2)(A). Rule 23(c)(2)(B), further provides that a notice certified for settlement under Rule 23(b)(3) must provide:

> the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must concisely and clearly state in plain, easily understood language: the nature of the action; the definition of the class certified; the class claims, issues, or defenses; that a class member may enter an appearance through counsel if the member so desires; that the court will exclude from the class any member who requests exclusion,

stating when and how members may elect to be excluded; and the binding effect of a class judgment on class members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B). Notice sent by first class mail is sufficient when the names and addresses of the class members are known. *See Giercyk v. Nat'l Union fire Ins. Co. of Pittsburgh, PA*, No. 2:13-CV-6272-MCA-MAH, 2016 WL 7209649, at *3 (D.N.J. Oct. 13, 2016); *In re Ocean Power Techs., Inc., Sec. Litig.*, No. 14-3799 (FLW) (LHG), 2016 WL 7638464, at *2 (D.N.J. June 7, 2016). Here, the names and addresses of certain of the Class Members are known, and thus notice to these Class Members by first class mail is appropriate.

However, information regarding the identities of many Class Members are not in Defendants' possession but in the possession of the policyholders: the employers that made the dependent life insurance benefits at issue in this case available to their employees. The Settlement Administrator—or, at its option, Sun Life—will provide notice of the Settlement to these policyholders and the plan administrators of the ERISA-governed plans in which Class Members participate(d) with instructions to in turn provide the Class Notice to Class Members. This is the manner by which notice is normally provided to members of this Class by SunLife and USIC. Amended McTeague Decl. ¶¶ 2-3. The Settlement Administrator will also maintain a website making the Class Notice publicly available and will maintain that website for 10 years. The Court finds that this is the best form of notice to these Class Members that is practicable under the circumstances of this case.

13.   A proper notice should "(i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3)." Fed. R. Civ.

P. 23(c)(2)(B); *see* Manual for Complex Litigation, supra, § 21.312.  Here, the proposed notice to the Class provides information on these subjects and informs class members about their rights under the Settlement as well as their right to be heard at the final fairness hearing.

14. The Court appoints Class Experts Group LLC as the Settlement Administrator for providing Class Notice and otherwise assisting in administration of the Settlement.  The Settlement Administrator shall provide notice to the identified Class Members no later than **January 8, 2025**.  Sun Life will provide or will cause the Settlement Administrator to provide notice to the policyholders by no later than **January 9, 2025**, with instructions to promptly provide notice to Class Members.  The Settlement Administrator and (if Sun Life elects to provide the notice to policyholders) Sun Life will file declarations with the Court confirming that the Class Notice was sent in accordance with this Order by **February 3**, **2025**.

**Class Action Settlement Procedures**

15. Defendants shall produce to Class Counsel the Class Data required pursuant to Section III.6, to the extent not already produced, by no later than fourteen days from entry of this Order.

16. Any Class Member who wishes to object to this Settlement or otherwise to be heard concerning this Settlement shall timely inform the District Court in writing of his or her intent to object to this Settlement and/or to appear at the Fairness Hearing by following the procedures set forth in the Class Notice ("Objection").  To be considered timely, the Objection must bear a postmark that is no later than **March 3, 2025**.  The Objection must set forth at least the following: (a) the full name, address and contact information for the Objector and the name and address of counsel (if represented by counsel); (b) a written statement of any and all objections to this Settlement and any supporting papers and arguments; (c) the signature of the

Objector (or his attorney).

17. Any Class Member or other person who fails to make his, her or its Objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed settlement as incorporated in the Settlement Agreement or to the judgment unless otherwise ordered by the Court. To the extent that any objections or comments are transmitted to Settlement Administrator, or the Parties' counsel, but are not filed with the Court, those persons are hereby directed to file such objections with the Court.

18. Class Counsel will file any Motion for Attorneys' Fees, Costs, and any motion for Class Representative Service Award by **February 24, 2025**.

19. Class Counsel shall file a Motion for Final Approval of the Settlement by **March 7, 2025**.

20. The Court will hold a final fairness hearing on **March 14, 2025** at **2pm** at the United States District Court for the Eastern District of Pennsylvania, 10614 U.S. Courthouse, 601 Market St., Courtroom 10-A, Philadelphia, PA 19106.  The Court may continue the date of the final fairness hearing if necessary without further notice to the Class, but any such continuance will be publicized on the settlement website.

                                  **BY THE COURT:**

                                  /s/Wendy Beetlestone, J.

                                  **WENDY BEETLESTONE, J.**